**ROBERTSON'S, INC., by Eaton's of North Dakota, Judgment Creditor, Plaintiff and Respondent,**

v.

**Marian RENDEN, Defendant and Appellant.**

**Civ. No. 8647.**

Supreme Court of North Dakota.

Aug. 31, 1971.

Conmy, Conmy, Rosenberg & Lucas, Bismarck, for defendant and appellant.

R. W. Wheeler, Bismarck, for plaintiff and respondent.

ERICKSTAD, Justice (on reassignment).

On June 11, 1965, Robertson's Inc., a North Dakota corporation operating a women's store in Bismarck, North Dakota, entered into an agreement with Eaton's of North Dakota, Inc., whereby Eaton's pur-

chased the store and business from Robertson's Inc.

On July 15, 1966, Eaton's commenced an action against Robertson's Inc. on the purchase agreement, which action was tried to a jury on October 5, 1967, and resulted in a judgment against Robertson's Inc. in the amount of $7,006.55 plus interest and costs. The judgment was entered in the district court of Burleigh County on November 24, 1967.

An execution issued on that judgment was returned unsatisfied on May 8, 1968. A second execution was outstanding on September 24, 1969.

The instant appeal is taken by Marian Renden from a judgment obtained by Robertson's Inc. on the 26th of September, 1969, in the sum of $7,006.55 plus interest and costs. The judgment arises out of an action brought by Eaton's of North Dakota on behalf of Robertson's Inc. We shall hereinafter refer to Robertson's Inc. as Robertson's; Eaton's of North Dakota as Eaton's; and Marian Renden as Renden.

The action brought by Eaton's on behalf of Robertson's was an attempt to recover from Renden the judgment obtained in the first action by Eaton's against Robertson's on the theory that certain withdrawals made by Renden as a director and stockholder of Robertson's were made when the corporation was insolvent.

Renden asserts that there are four basic issues to be settled on this appeal.

"1. Is the defendant, Marian Renden, personally liable for the judgment debt?

"2. Was the distribution made by Robertson's, Inc., in June of 1966 made at a time when the corporation was insolvent?

"3. Was the distribution made by Robertson's, Inc., in October of 1967 made at a time when the corporation was insolvent?

"4. Is Robertson's, Inc., by Eaton's of North Dakota, Judgment Creditor, a proper plaintiff in this action; and does Eaton's of North Dakota have standing to bring such an action?

If Robertson's does not have standing to bring this action, the appeal must be dismissed. For this reason we shall consider first the issue of whether Eaton's has standing to bring the action.

Prior to the adoption of our North Dakota Business Corporation Act by Chapter 102 of the North Dakota Session Laws of 1957, patterned after the Model Business Corporation Act, certain sections of the North Dakota Revised Code of 1943 were pertinent as to the rights of creditors. They follow:

"10–1404. Purposes for Which Action May Be Brought Against Corporate Officers as Such. An action may be maintained against one or more trustees, directors, managers, or other officers of a corporation to procure a judgment for the following purposes or so much thereof as the case requires:

"1. To compel them to account for their official conduct in the management and disposition of the funds and property committed to their charge;

"2. To compel them to pay to the corporation which they represent or to its creditors any money and the value of any property which they have appropriated to themselves or transferred to others or lost or wasted by violation of their duties, or to transfer any such property held by them to the corporation;

"3. To suspend such person from exercising his office when it appears that he has abused his trust;

"4. To remove such person from his office upon proof or conviction of misconduct, and to direct a new election to be held by the body or board duly authorized to hold the same in order

to fill the vacancy created by the removal, or when there is no such body or board or when all the members thereof are removed, to direct the removal to be reported to the secretary of state who then may fill the vacancy;

"5. To set aside an alienation of property made by one or more trustees, directors, managers, or other officers of a corporation contrary to a provision of law or for a purpose foreign to the lawful business and objects of the corporation when the alienee knew or had notice of the purpose of the alienation; and

"6. To restrain and prevent an alienation described in subsection 5 when it is threatened or when there is good reason to apprehend that it will be made."

"10–1405. Who May Bring Action Against Corporate Officers as Such. An action may be commenced as prescribed in section 10–1404 by the state or by a trustee, director, manager, or other officer of the corporation having a general superintendence of its affairs, or by a stockholder of the corporation upon the neglect or refusal of such officer so to do at the request of such stockholder. Any such action brought for a purpose other than the purposes specified in section 10–1404, subsections 3 and 4, may be brought by a creditor of the corporation."

"10–1408. When Corporate Stockholders and Officers May Be Made Defendants in Action Against Corporation. In an action against a corporation upon a claim for which its stockholders, directors, trustees, or other officers, or any of them, are liable in any event or contingency, one or more or all of the persons so liable may be made parties defendant by the original or by an amended or supplemental complaint, and their liability may be declared and enforced by the judgment in such action."

"10–1409. When Corporate Stockholders and Officers May Be Made Defendants After Judgment Is Entered Against Corporation. If any creditor of a corporation whose directors, trustees, or other officers or stockholders are liable for the payment of his demand, desires to make one or more of them parties to the action after a judgment therein against the corporation, he may do so by filing a supplemental complaint against them founded upon such judgment."

"10–1410. Action Against Corporate Stockholders and Officers: Joinder of Corporation; Procedure. Whenever any creditor of a corporation shall seek to charge the directors, trustees, or other officers or stockholders thereof on account of any liability created by law, he may commence and maintain an action for that purpose in the district court and at his election may join the corporation therein. When it appears necessary in such action, the court shall cause an account to be taken of the property and debts due to and from the corporation and shall appoint one or more receivers, who shall possess all the powers conferred and be subject to all the obligations imposed on receivers by the provisions of section 10–1612. If upon the filing of the answer or the taking of such account, it shall appear that the corporation is insolvent and that it has not property nor effects sufficient to satisfy the creditor, the court, without appointing any receiver, may proceed to ascertain the respective liabilities of such directors, trustees, or other officers and stockholders and to enforce the same by its judgment as in other cases."

With the adoption of the Model Business Corporation Act, all of Chapter 10–14 of the North Dakota Revised Code of 1943 was repealed. See Chapter 102, Section 140, Subsection 2, Laws of North Dakota, 1957.

In lieu of those repealed sections of the Code, what now remains in the Century Code relative to the creditor's standing to

bring this type of action is Section 10–19–47, N.D.C.C. The pertinent part thereof reads:

"10–19–47. Liability of directors in certain cases.—In addition to any other liabilities imposed by law upon directors of a corporation:

"1. Directors of a corporation who vote for or assent to the declaration of any dividend or other distribution of the assets of a corporation to its shareholders contrary to the provisions of chapters 10–19 through 10–23 or contrary to any restrictions contained in the articles of incorporation, shall be jointly and severally liable to the corporation for the amount of such dividend which is paid or the value of such assets which are distributed in excess of the amount of such dividend or distribution which could have been paid or distributed without a violation of the provisions of chapters 10–19 through 10–23 or the restrictions in the articles of incorporation;"

\*    \*    \*    \*    \*    \*

For the appropriate Model Act provision, see Model Business Corporation Act Annotated, Section 43(a) published for American Bar Foundation by West Publishing Company (1960), or Model Business Corporation Act Annotated, 2d ed., Section 48(a) published for American Bar Foundation by West Publishing Company (1971).

It is interesting to note that some states in adopting the Model Act included a provision permitting creditors to enforce directors' liability.

"(d)   Extent of liability and who may enforce it.   In Alaska, Colorado, Connecticut, Idaho, Illinois, Iowa, Kentucky, Maryland, Michigan, Minnesota, North Dakota, Oregon, Pennsylvania, South Dakota, Texas, Virginia, Washington, Wisconsin and the District of Columbia, directors are jointly and severally liable to the corporation to the extent of the dividend or distribution unlawfully paid. Louisiana and Rhode Island are similar, except that in Louisiana the liability is to the corporation, its creditors, or both, and in Rhode Island it is to the corporation's receiver, assignee, or trustee in bankruptcy, and may not be enforced for credit given after the corporation's capital was no longer impaired." 2 ABF Model Business Corporation Act Annotated, Section 43, ¶ 2.02, p. 9 (1960).

Although it is not the responsibility of this court to prescribe the plaintiff's remedy, we draw attention to Sections 10–21–16 and 10–21–17 of the North Dakota Century Code.

"10–21–16.   Jurisdiction of court to liquidate assets and business of corporation.—The district courts of the state of North Dakota shall have full power to liquidate the assets and business of a corporation:

\*    \*    \*    \*    \*    \*

"2.   In an action by a creditor:

a.   When the claim of the creditor has been reduced to judgment and an execution thereon returned unsatisfied and it is established that the corporation is insolvent; \* \* \*"

"10–21–17.   Procedure in liquidation of corporation by court.—In proceedings to liquidate the assets and business of a corporation the court shall have power to issue injunctions, to appoint a receiver or receivers pendente lite, with such powers and duties as the court, from time to time, may direct, and to take such other proceedings as may be requisite to preserve the corporate assets wherever situated, and carry on the business of the corporation until a full hearing can be had.

"After a hearing had upon such notice as the court may direct to be given to all parties to the proceedings and to any other parties in interest designated by the court, the court may appoint a liquidating receiver or receivers with authority to collect the assets of the corporation, including all amounts owing to the corpora-

tion by shareholders on account of any unpaid portion of the consideration for the issuance of shares. Such liquidating receiver or receivers shall have authority, subject to the order of the court, to sell, convey, and dispose of all or any part of the assets of the corporation wherever situated, either at public or private sale. The assets of the corporation or the proceeds resulting from a sale, conveyance, or other disposition thereof shall be applied to the expenses of such liquidation and to the payment of the liabilities and obligations of the corporation, and any remaining assets or proceeds shall be distributed among its shareholders according to their respective rights and interests. The order appointing such liquidating receiver or receivers shall state their powers and duties. Such powers and duties may be increased or diminished at any time during the proceedings.

"The court shall have power to allow from time to time as expenses of the liquidation compensation to the receiver or receivers and to attorneys in the proceedings, and to direct the payment thereof out of the assets of the corporation or the proceeds of any sale or disposition of such assets.

"A receiver of a corporation appointed under the provisions of this section shall have authority to sue and defend in all courts in his own name as receiver of such corporation. The court appointing such receiver shall have exclusive jurisdiction of the corporation and its property, wherever situated." North Dakota Century Code.

See Section 90, ¶ 1, Subsections (b) (1) and (b) (2) of the Model Business Corporation Act Annotated, 1st ed., published for American Bar Foundation by West Publishing Company (1960).

A 1962 decision of the Appellate Court of Illinois, in recognizing the right of an assignee of a trustee in bankruptcy to bring an action against a director of the bankrupt corporation, said:

"Ordinarily an action can be brought by the corporation against the directors, or in case of the insolvency of the corporation, by its receiver or assignee. 3 Fletcher, Cyclopedia Corporations, sec. 1275, (Perm.Ed.)." Precision Extrusions, Inc. v. Stewart, 36 Ill.App.2d 30, 183 N.E.2d 547, 553 (1962).

See also 19 C.J.S. Corporations § 1513, which supports the right of a receiver to bring an action against directors of a corporation for their wrongful acts.

"The right of action against the officers and directors of a corporation for their wrongful and negligent acts, being one which is originally vested in the corporation, passes to its receiver, and whatever rights it might have asserted against its unfaithful directors he may assert against them. For example, the right of action of the corporation for the wrongful payment of dividends, see supra § 765, may be enforced by the receiver."

Although we do not attempt in this opinion to enumerate all possible remedies a judgment creditor might have under the circumstances of this case, we draw attention to Chapter 10 of Title 11, Bankruptcy, United States Code Annotated.

We conclude that Eaton's has no standing to bring this action on behalf of Robertson's, an unwilling corporation, and, accordingly, the judgment of the trial court is reversed and the case is dismissed.

STRUTZ, C. J., and TEIGEN, PAULSON and KNUDSON, JJ., concur.